IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00888-BNB

SHAUN A. BROWN,

      Plaintiff,

v.

VAN CISE-SIMONET DETENTION CENTER,
MR. THAN, Division Chief, Van Cise-Simonet Detention Center,
CAPTAIN ROMERO, Captain, Van Cise-Simonet Detention Center,
CAPTAIN MOORE, Captain, Van Cise-Simonet Detention Center, and
SARGEANT JORDAN, Sargeant, Van Cise-Simonet Detention Center,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Shaun A. Brown, currently is incarcerated at the Denver County Jail.  He

filed *pro se* a Prisoner Complaint (ECF No. 1) for injunctive relief and money damages.

and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 (ECF No. 3).  He has been granted leave to proceed pursuant to § 1915.

The Court must construe the Prisoner Complaint liberally because Mr. Brown is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Brown will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that it does not comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically,

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Brown's complaint is vague.  He asserts three claims for relief, each of which

stems from his disciplinary conviction on charges of assaulting any person and

disrupting or interfering with the security or the orderly operation of the institution and

subsequent placement in punitive segregation.  He fails to list in the caption to the

complaint each Defendant he is suing.

     As his first claim, Mr. Brown complains that his Fourteenth Amendment due

process and equal protection rights were violated because the disposition of charges

failed to state the offenses for which he was charged and found guilty.  He further

2

complains that the disposition of charges was altered after his disciplinary hearing and after expiration of his appeal time to include these offenses.  He asserts this claim against Defendants Sergeant Jordan, Captain Romero, and Captain Moore.  He fails to explain how these incidents violated his due process and equal protection rights.

As his second claim, Mr. Brown alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated because he spent thirty-five days in punitive segregation instead of the thirty days to which he was sentenced.  It is unclear why he is suing Captain Romero and Sergeant Jordan for reviewing his segregation status.  He further complains that his release to a lower-custody unit placed him in a potentially dangerous situation because the older brother of the victim of the assault for which he was disciplined was in the same unit.  He fails to allege what, if any, serious physical injury he suffered as a result of this placement.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 526-28 (1984).

As his third and final claim, Mr. Brown alleges that his Fourteenth Amendment due process and equal protection rights were violated because a Sergeant Rutan, who is not named as a party to this lawsuit, notified him publicly instead of privately that he was under investigation for disciplinary charges.  He fails to explain how the public notification violated his due process and equal protection rights.

In order to state a claim in federal court Mr. Brown "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir.

2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Brown should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Mr. Brown appears to name supervisory officials as defendants.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Brown must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, such as Defendant Mr. Than, jail division chief, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

4

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Brown may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Brown uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Mr. Brown is suing an improper party.  He may not sue the Denver Van Cise-Simonet Detention Center.  The detention center is not a separate entity from Denver  County, and, therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the jail must be considered as asserted against Denver County.

In addition, municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d

774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against Denver County under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Brown will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that lists all parties in the caption, sues proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Shaun Brown, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Brown shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that  form in

submitting the amended complaint.  It is

      FURTHER ORDERED that, if Mr. Brown fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, the complaint and the

action will be dismissed without further notice.

      DATED April 17, 2013, at Denver, Colorado.

                BY THE COURT:

                 s/ Boyd N. Boland
                United States Magistrate Judge